Todd M. Friedman (216752)
Nicholas J. Bontrager (252114)
Suren N. Weerasuriya (278512)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: (877) 206-4741
Fax: (866)633-0228
tfriedman@attorneysforconsumers.com
nbontrager@attorneysforconsumers.com

L. Paul Mankin, IV
Law Offices of L. Paul Mankin, IV
Pmankin@PaulMankin.com
8730 Wilshire Blvd, Suite 310
Beverly Hills, CA 90211
Phone: 800-219-3577
Fax: 866-633-0228

Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew Loker, Esq. (279939)
ml@kazlg.com
KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705
Telephone: (800)400-6808
Facsimile: (800)520-5523

Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
HYDE & SWIGART
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Attorneys for Plaintiff

David C. Scheper (120174)
Alexander H. Cote (211558)
Margaret E. Dayton (274353)
SCHEPER, KIM & HARRIS LLP
605 West Fifth Street, 12th Floor
Los Angeles, CA 90071
Telephone: (213) 613-4655
Facsimile: (213) 613-4656
dscheper@scheperkim.com
acote@@scheperkim.com
pdayton@scheperkim.com

Attorneys for Defendants

JOINT STATUS REPORT

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| REBECKA LABOU, on behalf of herself and all others similarly situated, Plaintiff, v. CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS; and LOS ANGELES SMSA LIMITED PARTNERSHIP d/b/a VERIZON WIRELESS; and DOES 1 through 10, inclusive, Defendants. | Case No. **2:13-cv-00844-MCE-EFB** JOINT RULE 26(f) STATUS REPORT |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the parties hereby submit their Joint Status Report.

**A.     Brief Summary Of The Claims:**

**Plaintiff:**

Plaintiff brings this action for herself and others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Cellco Partnership dba Verizon Wireless and Los Angeles SMSA Limited Partnership dba Verizon Wireless. ("Defendants") in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq.* ("TCPA"), thereby invading Plaintiff's privacy.

**Defendants:**

Plaintiff's suit is based on purported phone calls made by Verizon Wireless to collect a debt owed by her brother-in-law, Ovdiu Cozac. On August 9, 2012, Cozac and Verizon Wireless entered into an agreement (the "Agreement') which required Cozac to make certain payments to Verizon Wireless in exchange for cellular service and five cellular telephones provided at a discounted rate from their original retail price. Cozac took the five phones but never made the

1 | required payments under the Agreement.

2 | In connection with the Agreement, Cozac repeatedly represented that his phone number
3 | was (916) 308-4809 (the "Phone Number") and/or that he had consent to use the Phone Number.
4 | In an effort to collect the amount past due under the Agreement, Verizon Wireless called the
5 | Phone Number. During its collection efforts, Plaintiff Rebecka Labou informed Verizon Wireless
6 | that the Phone Number was her phone number and not Cozac's phone number. Upon learning this
7 | information, Verizon Wireless ceased calling the Phone Number.

8 | On April 30, 2013, Labou filed the Complaint against Verizon Wireless alleging that the
9 | collection calls to the Phone Number violated the Telephone Consumer Protection Act. But
10 | Verizon Wireless called the Phone Number *only* because Cozac represented it was the phone
11 | number at which Verizon Wireless could reach him. Accordingly, to the extent Cozac made false
12 | representations to Verizon Wireless about the Phone Number, then Cozac must pay to Verizon
13 | Wireless as damages all fees and costs incurred by Verizon Wireless in defending itself against the
14 | claims in Labou's Complaint and all sums Verizon is ordered to pay Labou, if any. Verizon
15 | Wireless will promptly file a third party complaint against Cozac seeking such relief.

16 | Given the foregoing, Plaintiff's suit presents insurmountable hurdles to class certification.
17 | The facts alleged by plaintiff are not common to other putative class members and the legal issues
18 | raised in her suit are not typical. Moreover, because Plaintiff's claims involve fraudulent conduct
19 | by her brother-in-law, a third party tortfeasor, Plaintiff is a poor representative of the putative
20 | class. As discussed in more detail below, these class issues should be resolved promptly.

**B.  Status Of Service Upon All Defendants And Cross Defendants:**

22 | Verizon Wireless has been served and has answered. Verizon Wireless will promptly serve
23 | Cozac after filing its third party complaint.

**C.  Possible joinder of additional parties:**

26 | At this time, Plaintiff is not aware of any additional parties to be served, but asks that the
27 | time for service remain open until the completion of discovery. As stated above, Verizon Wireless

3                    JOINT STATUS REPORT

intends to file a third party complaint against Cozac.

### D.       Amendment of Pleadings

At present, neither party anticipates the filing of amended pleadings.  However, each party reserves the right to do so provided such amendments comply with the Federal Rules of Civil Procedure and the Local Rules of this Court.

### E.       Jurisdiction and Venue:

#### Plaintiff:

Jurisdiction is proper under *28 U.S.C. § 1331* because this Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

Venue is proper in the United States District Court for the Eastern District of California pursuant to *18 U.S.C.  1391(b)* and *18 U.S.C. § 1441(a)* because Plaintiff resides in the County of Sacramento, which is located within the Eastern Judicial District of California.

#### Defendants:

Jurisdiction over the anticipated third party complaint is proper under 28 USC § 1367, because Verizon Wireless' claims against Cozac are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

### F.       Anticipated Discovery and Scheduling of Discovery:

#### 1)       Disclosures:

The parties will exchange the information required by Federal Rules of Civil Procedure 26(a)(1) within 30 days of entry of the Court's scheduling order.

JOINT STATUS REPORT

**2)**    **The Subjects On Which Discovery May Be Needed; When Discovery Should Be Completed, And Whether Discovery Should Be Conducted In Phases**:

**Plaintiff**:

All fact discovery will be commenced in time to be completed by June 30, 2014.

**Defendants:**

Verizon Wireless has no objection to the discovery cut off date proposed by plaintiff. Verizon Wireless addresses its proposed limitations and phasing of discovery below.

**3)**    **Limitation on Discovery**:

**Plaintiff:**

Plaintiff does not require any limitations on discovery. The number of interrogatories, requests for admissions, and requests for production of documents, as well as the number and length of depositions shall be as set forth in the Federal Rules of Civil Procedure. The parties will meet and confer regarding the terms of a Stipulated Protective Order if necessary.

**Defendant**:

Given the *sui generis* nature of Plaintiff's suit, the Court should first consider Plaintiff's ability to certify a class before setting trial and pretrial deadlines. Plaintiff's putative class action suit raises critical issues of numerosity, commonality, typicality and the adequacy of plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure. Given the unique facts of Plaintiff's case described above, and the involvement of third party tortfeasor Cozac, early discovery into the bases for Plaintiff's class allegations, including whether the use of Plaintiff's purported phone number by her brother-in-law involves facts common to other putative class members, whether it raises claims typical of other putative class members, or and whether Plaintiff can adequately represent that class, is appropriate. Early and *limited* discovery into these questions will allow the Court to promptly resolve the class certification issue. At a minimum, early resolution of these questions will assist the parties in efficiently exploring settlement.

In addition, Verizon Wireless' claims against Cozac are subject to an arbitration provision.

To the extent Labou acted as an agent, principal or co-conspirator of Cozac, her claims may also be subject to arbitration. *See, e.g., Comer v. Micor, Inc.*, 436 F.3d 1098, 1101 (9th Cir. 2006) (identifying grounds on which a nonsignatory to an arbitration agreement can be compelled to arbitrate, including agency and estoppel). Prompt inquiry into these issues is necessary, since the Court may compel Plaintiff's suit to arbitration under Federal Arbitration Act.

Accordingly, Verizon proposes that the Court set an expedited schedule for resolving the class action certification and arbitrability issues, as follows:

| Events | Deadline |
|---|---|
| • *Limited* discovery into class certification and arbitration issues;<br>• Plaintiff to file and serve class certification motion and/or Verizon Wireless to file and serve a motion to strike the class allegations;<br>• Verizon Wireless to file and serve motion to compel arbitration of Plaintiff's claims | Four months after entry of the Court's scheduling order |
| • Additional discovery into the issues raised in the motions<br>• Oppositions to the foregoing motions | Eight months after entry of the Court's scheduling order |
| • Replies in support of the foregoing motions | Nine months after entry of the Court's scheduling order |

Only after the foregoing motions and issues are resolved should the Court set other trial and pre-trial deadlines.

    4)    **Disclosure of Expert Witnesses and Information under Federal Rule of Civil Procedure 26 (a)(2) Due**:

    **Plaintiff**:

JOINT STATUS REPORT

1   All parties will provide the disclosures required on or before November  30, 2013.

2   Counter-designations of experts will be made on or before December 27, 2013.  Expert discovery

3   will be completed by June 30, 2014.

4   **Defendants**:

5   The setting of these dates is premature. As discussed above, Verizon Wireless proposes

6   that the Court first address class certification and arbitrability issues by early motion preceded by

7   limited and focused discovery, and then set all remaining pretrial deadlines after those issues are

8   resolved.

9   **5)** **Proposed Dates For Discovery Cut−Off**:

10   **Plaintiff**:

11   All fact discovery will be commenced in time to be completed by June 30, 2014.

12   **Defendants:**

13   The setting of these dates is premature. As discussed above, Verizon Wireless proposes

14   that the Court first address class certification and arbitrability issues by early motion, and then set

15   all remaining pretrial deadlines after those issues are resolved.

16   **G.** **Proposed Date By Which All Non−Discovery Motions Shall Be Filed**:

17   **Plaintiff**:

18   Plaintiff  proposes that the cut-off date for fact discovery be June 30, 2014; the cut-off for

19   expert discovery be June 30, 2014; the last day for the Court to hear dispositive motions be August

20   29, 2014, a pretrial conference be held in October of 2014; and trial in December of 2014.

21   **Defendants**:

22   The setting of these dates is premature. As discussed above, Verizon Wireless proposes

23   that the Court first address class certification and arbitrability issues by early motion, and then set

24   all remaining pretrial deadlines after those issues are resolved.

25   **H.** **Proposed Dates For Final Pretrial Conference And Trial**

26   The setting of these dates is premature. As discussed above, Verizon Wireless proposes

27   that the Court first address class certification and arbitrability issues by early motion, and then set

28

JOINT STATUS REPORT

all remaining pretrial deadlines after those issues are resolved.

**I.      Estimate Of Days Of Trial, And Whether Any Party Has Demanded A Jury**

**Plaintiff**:

Plaintiff requests a trial by jury.  Plaintiff estimates that this case will take approximately 5 to 7 days for trial.   It is anticipated that the case will be ready for trial by December of 2014.

**Defendant**:

The setting of these dates is premature. As discussed above, Verizon Wireless proposes that the Court first address class certification and arbitrability issues by early motion, and then set all remaining pretrial deadlines after those issues are resolved.

**J.      Appropriateness Of Special Procedures Such As Reference To A Special Master Or Agreement To Try The Matter Before A Magistrate Judge Pursuant To 28 U.S.C. 636(C)**

The Parties agree that no special procedures are required.

**K.      Proposed Modification Of Standard Pretrial Procedures Due To The Special Nature Of The Case**

The Parties agree that no special procedures are required.

**L.      Whether The Case Is Related To Any Other Case, Including Any Matter Involving Bankruptcy**

None.

**M.      Prospects For Settlement, Including Whether A Settlement Conference Should Be Scheduled**

**Plaintiff**:

Plaintiff agrees to mediation under ADR auspices.

**Defendants:**

Verizon Wireless is willing to participate in a settlement conference, per Paragraph 6 of the Court's April 30, 2013 order.

**N.      Any other matters that may be conducive to the just and expeditious disposition of the case, including whether counsel will waive any disqualification and stipulate to the trial judge acting as a settlement judge.**

None at this time.

Respectfully submitted this 2nd day of July, 2013.

DATED: July 3, 2013                    LAW OFFICES OF TODD M. FRIEDMAN, P.C.


By:      _/s/ Todd M. Friedman_
         Todd M. Friedman
         Attorneys for Plaintiff


DATED: July 3, 2013                    SCHEPER, KIM & HARRIS LLP


By:      _/s/ David C. Scheper_
         David C. Scheper
         Attorneys for Defendant

JOINT STATUS REPORT

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business Address is 369 S. DOHENY DR. #415 BEVERLY HILLS, CA 90211.

On July 3, 2013, I served the following document(s) described as: **JOINT RULE 26(f) STATUS REPORT**, on all interested parties in this action by placing:

[X]     a true copy
[  ]     the original thereof enclosed in sealed envelope(s) addressed as follows:

David C. Scheper
Alexander H. Cote
Margaret E. Dayton
SCHEPER, KIM & HARRIS LLP
605 West Fifth Street, 12th Floor
Los Angeles, CA 90071
Telephone: (213) 613-4655
Facsimile: (213) 613-4656
dscheper@scheperkim.com
acote@@scheperkim.com
pdayton@scheperkim.com

BY CM/ECF – I filed the foregoing documents via the Court's CM/ECF filing system which provides electronic service to Defendant's counsel at his "email address of record."

[X]     STATE – I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 3, 2013, at BEVERLY HILLS, California.

By:  /s/ Todd F. Friedman
      Todd F. Friedman

JOINT STATUS REPORT