UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECKA LABOU, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS; et al.,<br><br>Defendants. | No.  2:13-cv-00844-MCE-EFB<br><br><br>**MEMORANDUM AND ORDER** |

Rebecka Labou ("Plaintiff") filed the present action against Cellco Partnership, doing business as Verizon Wireless, and Los Angeles SMSA Limited Partnership, also doing business as Verizon Wireless ("Defendants" or "Verizon").  Plaintiff alleges two causes of action against Verizon: (1) for negligent violations of the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227 et seq.; and (2) for willful violations of the TCPA.  Defendants now move to deny class certification for the Plaintiff under Federal Rule of Civil Procedure 23.[1]  For the reasons stated below, Defendants' Motion to Deny Class Certification is granted.[2]

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

[2] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(g).

**BACKGROUND**

Plaintiff filed the present complaint on April 30, 2012. She alleges that Defendants began calling Plaintiff's cellular phone number with an automated telephone dialing system to collect unpaid wireless bills owed by Plaintiff's former brother-in-law, Ovidiu Cozac ("Cozac").[3] Plaintiff asserts that these calls were not for "emergency purposes," nor did Plaintiff provide her "prior express consent" to receive calls from Verizon. Pl's. Compl. at ¶ 12 (ECF No. 1). Plaintiff consequently alleges that such calls violated the TCPA.

Verizon does not dispute calling Plaintiff but contends that it only "attempts to collect debts owed by its customers" through calls to "(a) the contact number(s) provided by the customer or (b) the Verizon-issued cellular number." Defs'. Mot. to Deny Certification at 4, ECF No. 20. Defendants state that "Verizon never intentionally places a debt collection call to anyone other than a customer," unless such customer provides an incorrect contact number. Id.

Shortly after Plaintiff filed the present complaint, Verizon brought a third-party complaint against Cozac. Id. at 1. Verizon asserts that prior to calling Plaintiff, Cozac purchased five iPhones through Defendants and provided Plaintiff's phone number as his contact number for both home and work purposes. Id. After Cozac failed to make payments on the accounts associated with the iPhones, Verizon called Plaintiff multiple times about the outstanding balances until October 23, 2012, when Verizon discovered Cozac could not be contacted at the number he had provided.[4] Id. at 3.

///

---

[3] The complaint refers to calls made to collect debt from Plaintiff's daughter or from an "Obifo Cozac," but there are no further references to any contacts made in that regard in the papers submitted by Plaintiff in opposition to this motion.

[4] Plaintiff's Complaint states that these calls took place "on or around February 2013" while Defendants' Motion states such claim is erroneously made as the calls were placed in the fall of 2012. This disagreement regarding the timing of the calls does not change the Court's adjudication of this motion.

According to Verizon, it stopped calling Plaintiff as soon as it learned Cozac could not be reached at Plaintiff's number. Id.

Plaintiff brings this claim on behalf of herself and "all others similarly situated" as a proposed class. ECF No. 1 at 3. The class advanced by Plaintiff purports to represent "all persons within the United States who received any telephone calls from Defendant . . . made through the use of any automatic telephone dialing system" in the past four years, when that person "had not previously not provided [sic] their cellular telephone number to Defendant."[5] Id. at 4. Plaintiff alleges the proposed class was harmed by either being charged for the calls or through reduced plan minutes as a result of such calls. Plaintiff further claims the class was harmed by the invasion of the privacy the calls represented. Id. While Plaintiff cannot ascertain the number of members of this class, she believes the class numbers in the thousands. Id.

Plaintiff filed a Motion to Certify as a class on August 8, 2013. ECF No. 17. On October 15, 2013, Defendants filed this Motion to deny class certification to Plaintiff. ECF No. 20. Plaintiff thereafter withdrew her motion for class certification, without prejudice. ECF No. 21. Through this motion, Defendants assert that Plaintiff cannot meet her burden in establishing the propriety of her class representation because she fails to meet two of Rule 23(a)'s requirements – typicality and adequacy – and because she fails under the requirements of both Rule 23(b)(3) and 23(b)(2). ECF No. 20 at 6.

**STANDARD**

"The class action is 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'"

///

---

[5] Defendants contend Plaintiff offers three differing class definitions See ECF No. 20 at 4-5. In deciding this motion, the Court will only look to Plaintiff's relied upon definition of the proposed class as used in both Plaintiff's Complaint and Opposition to Defendant's Motion for our analysis under Rule 23(a)(4).

3

Wal-Mart Stores, Inc. v. Dukes, ___ U.S. ____, ____, 131 S. Ct. 2541, 2550 (2011) (quoting Califano v. Yamasaki, 442 U.S. 682, 700-01 (1979)).  "In order to justify a departure from that rule, 'a class representative must be part of the class and possess the same interest and suffer the same injury as the class members.'"  Id. (quoting E. Tex. Motor Freight Sys., Inc. v. Rodriguez, 431 U.S. 395, 403 (1977)).

      To form a class, the party seeking certification must comply with Rule 23.  Fed. R. Civ. P. 23.  "Rule 23(a) ensures that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate.  The Rule's four requirements—numerosity, commonality, typicality, and adequate representation—'effectively limit the class claims to those fairly encompassed by the named plaintiff's claims.'"  Dukes, 131 S. Ct. at 2550 (quoting Gen. Tel. Co. of Sw. v. Falcon, 457 U.S. 147, 156 (1982)).

      Under Rule 23(a), the party seeking certification must demonstrate that: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.  Id. at 2548 (citing Fed. R. Civ. P. 23(a)).  Rule 23(b) also allows for certification of a class if either "final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole," or, if "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b).  For class certification to be appropriate, Plaintiff bears the burden of demonstrating that each of the elements under Rule 23(a), along with at least one component of Rule 23(b), has been satisfied.  Conn. Ret. Plans & Trust Funds v. Amgen Inc., 660 F.3d 1170, 1175 (9th Cir. 2011).

///

///

"Rule 23 does not set forth a mere pleading standard"; indeed, the "party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc." Dukes, 131 S. Ct. at 2551.  Therefore, when "considering class certification under Rule 23, district courts are not only at liberty to, but must perform 'a rigorous analysis [to ensure] that the prerequisites of Rule 23(a) have been satisfied.'" Ellis, 657 F.3d at 980 (quoting Dukes, 131 S. Ct. at 2551).  In many cases, this rigorous analysis will "overlap with the merits of the plaintiff's underlying claim.  That cannot be helped." Dukes, 131 S. Ct. at 2551.  When resolving such factual disputes in the context of a motion for class certification, district courts must consider "the persuasiveness of the evidence presented." Ellis, 657 F.3d at 982.

Ultimately, however, the decision to certify a class is left to the discretion of the district court. Desai v. Deutsche Bank Secs. Ltd., 573 F.3d 931, 937 (9th Cir. 2009); Dukes v. Wal–Mart Stores, Inc., 603 F.3d 571, 594 (9th Cir. 2010).  Against this backdrop, the Court examines whether Plaintiff meets each of the requisite prongs under Rule 23 in assessing Defendants' Motion to Deny Class Certification.

## ANALYSIS

Plaintiff asserts that "Verizon's motion to preemptively deny class certification without affording Plaintiff the benefit of even limited class discovery should be denied as premature and prejudicial to Plaintiff." ECF No. 25 at 4.  However, "[s]ometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim, and sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question." Falcon, 457 U.S. at 160.  Thus, this Court has discretion to rule on Defendant's Motion even prior to discovery.

///

See In re Walls, 262 B.R. 519, 523 (Bankr. E.D. Cal. 2001) (considering a motion to deny class certification because "[i]f, as a matter of law, a class cannot be certified . . ., it would be a waste of the parties' resources and judicial resources to conduct discovery on class certification."); Lumpkin v. E.I. Du Pont de Nemours & Co., 161 F.R.D. 480, 481 (M.D. Ga. 1995) (finding class certification prior to discovery appropriate when "awaiting further discovery will only cause needless delay and expense.")

Although discovery may be allowed in some cases, it is the plaintiff's "burden of advancing a prima facie showing that the class action requirements of [Rule 23] are satisfied or that discovery is likely to produce substantiation of the class allegations." Mantolete v. Bolger, 767 F.2d. 1416, 1424 (9th Cir. 1985). A plaintiff can represent a class only if the representative parties meet all requirements under Rule 23(a). Defendants contend that Plaintiff cannot meet all those requirements. The Court now looks at two of Rule 23(a)'s prerequisites: typicality under Rule 23(a)(3), and adequacy under Rule 23(a)(4).

### A.  Typicality Requirement

This requirement "looks to whether the claims of the class representatives [are] typical of those of the class, and [is] satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." Stearns v. Ticketmaster Corp., 655 F.3d 1013, 1019 (9th Cir. 2011) (internal citation and quotation marks omitted). Thus, the Rule 23(a)(3) typicality inquiry overlaps with the Rule 23(a)(4) adequacy requirement because "both look to the potential for conflicts in the class." Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 611 (1997) (internal citations omitted).

///

///

///

"The requirement of typical claims, while somewhat ill defined, seems intended to reinforce the adequacy requirement by ensuring that the named plaintiffs' interests are sufficiently aligned with those of class members to assure that they not only can but will press each such claim to a full and equal extent." Wofford v. Safeway Stores, Inc., 78 F.R.D. 460, 475 (N.D. Cal. 1978).

Defendants' Motion presents four reasons why Plaintiff fails to meet the typicality requirement.[6] First, they contend that Cozac's involvement introduces idiosyncratic individual claims and defenses that the members of the proposed class will not be concerned with adjudicating. ECF No. 20 at 7. Second, Defendants assert that the issue of "prior written consent" differs significantly between non-customers and customers. Id. Third, because calls made to a Verizon issued phone are not chargeable against a Verizon customer's monthly service plan, customer calls, as opposed to calls made to a non-customer like the Plaintiff, are not in violation of the TCPA. Id. at 7-8. Finally, as Verizon customers have agreed to have their claims arbitrated, Plaintiff's resort to this Court in suing Verizon is not suitable for the proposed class members who are Verizon customers. Id.

Plaintiff argues that each of Defendants' claims is premature because the issues they raise go to the merits of her claims. ECF No. 19. However, under a motion to deny class certification, this court must perform "a rigorous analysis [to ensure] that the prerequisites of Rule 23(a) have been satisfied." Ellis, 657 F.3d at 980 (internal citations omitted). As previously stated, this rigorous analysis "will entail some overlap with the merits of the plaintiff's underlying claim. That cannot be helped." Dukes, 131 S. Ct. at 2551.

---

[6] Plaintiff submitted Objections to Defendants' Evidence on Motion to Deny Class Certification (ECF No. 25-7). With one exception, this Court has not relied on any the evidence to which objections have been asserted in adjudicating this Motion. That exception relates to testimony that Verizon does not charge customers for calls placed by Verizon. ECF No. 25-7 at 4. Such evidence is relevant to the Rule 23 analysis to determine the typicality, adequacy and commonality of issues between the purported class members. As such, Plaintiff's objection to evidence of whether Verizon charges its customers for automated calls is overruled. Because the evidence at issue was not germane to the Court's decision, the Court need not rule on the remainder of Plaintiff's objections and declines to do so.

Plaintiff also claims in opposition to the current motion that distinguishing between Verizon customers and non-customers at this stage is premature. ECF No. 25 at 17. Citing to Connelly v. Hilton Grant Vacations, Plaintiff argues that courts have found consideration of a motion to deny class definition at the pleading stage to be premature. ECF No. 25 at 17. The court in Connelly, however, held only that a Rule12(b)(6) motion to dismiss was premature to resolve a class action in the pleading stage. Connelly v. Hilton Grant Vacations Co., LLC, 12CV599 JLS (KSC), 2012 WL 2129364, at *3 (S.D. Cal. June 11, 2012). In fact, the court in Connelly specifically stated that while a Rule 12(b)(6) motion was improper, a motion to deny class certification under Rule 23 would be "the better vehicle to test the propriety of class certification." Id.

Alternatively, Plaintiff argues that a distinction between customers and non-customers is improper because such a distinction is not found within the TCPA itself. ECF No. 25 at 17. While this may be true, this distinction is necessary here to determine both the adequacy requirement of the proposed class as well as the typicality requirement under the Rule 23(a) analysis.

Plaintiff cites to language that a claim is typical if it "arises from the same event or practice or course of conduct that gives rise to the claims of other class members and. . . [is] based on the same legal theory". ECF No. 25 at 10-11. According to Plaintiff, her claim meets the typicality requirement because she "seeks to represent all persons" who have been called by Verizon by an automated telephone system without prior consent. Id. However, Plaintiff, as a non-Verizon customer, presents different claims than that of Verizon customers. To meet the requirements of a class, not only must the claims arise out of the same course of conduct, but also such claims must contain similar legal arguments to prove Defendants' liability. Stearns, 655 F.3d at 1019. Even assuming Plaintiff's claims arise from the same course of conduct, and although Plaintiff believes even Verizon customers have not provided prior consent to receive automated phone calls, the issues and facts surrounding Plaintiff's claims are still unique.

8

As the TCPA permits collection calls so long as the recipient is not being charged, Plaintiff's circumstance of being a non-customer with a non-Verizon issued phone is atypical from the class of Verizon customers. See 47 U.S.C. § 227(b)(2)(C). Verizon customers have written contracts containing provisions both for automated calls upon prior written consent and for arbitration. No amount of discovery can erase these plain distinctions between Plaintiff and Verizon customers. Plaintiff's claims are therefore not typical of the class as a whole and, consequently, she fails to qualify as a proper class representative.

### B.   Adequacy Requirement

The adequacy requirement under Rule 23(a)(4) "serves to uncover conflicts of interest between named parties and the class they seek to represent." Amchem Prods., Inc., 521 U.S. at 625-26. "[A] class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." East Tex. Motor Freight System, Inc. v. Rodriguez, 431 U.S. 395, 403 (1977) (quoting Schlesinger v. Reservists Comm. to Stop the War, 418 U.S. 208, 216 (1974)).

Under the facts in the present case, Plaintiff fails to meet this standard as well. Plaintiff's Opposition states that because she asserts that she "will fairly and adequately protect the interests of the members of the Class," she thereby establishes a "prima facie showing that she is an adequate class representative." ECF No. 25 at 10. Defendants contend that Verizon called Plaintiff under the guise that such a call would reach Cozac, and that because Cozac was a Verizon customer, the TCPA permits such a call. ECF No. 20 at 10. Defendants claim that Cozac's involvement, in supplying Plaintiff's telephone number to Verizon, whether fraudulently or negligently, presents a conflict of interest which defeats the adequacy requirement of Rule 23(a)(4).[7] Id.

---

[7] Plaintiff argues that discussion of the "conduct of a third party" is misplaced under a motion to deny class certification under Rule 23. However, Plaintiff still must meet her burden under the adequacy requirement to overcome Defendants' Motion. Therefore, the Court need not address this argument.

Although Plaintiff contends that the proposed class "includes thousands of members," she fails to elaborate beyond an allegation that proposed class encompasses "[a]ll persons within the United States who received any telephone calls from Defendant."  ECF No. 1 at 4.  Plaintiff claims that discovery should be permitted to allow Plaintiff to determine the adequacy of her representation and to shed light on TCPA issues such as "how often Verizon calls non-customers with an automated dialer" and whether "Verizon has blocked Plaintiff's cell phone number from its automated dialer." ECF No. 25 at 5. However, these requests only further illuminate Plaintiff's inadequacy as a representative under Rule 23(a)(4), as discovery relating to non-customers does not support a proposed class of mostly Verizon customers.

Plaintiff asserts that "it certainly cannot be the case that pure speculation by Verizon as to the adequacy or inadequacy of Plaintiff to serve as a class representative is a proper basis to grant Verizon's preemptive motion to deny class certification, especially where Verizon has offered no evidence on the present motion." ECF No. 25 at 24.  However, Verizon need not provide evidence to prove that Plaintiff's claim is inadequate.  To the contrary, even under a motion to deny class certification, it is Plaintiff who bears the burden of showing she is an adequate representative.  See Conn. Ret. Plans & Trust Funds, 660 F.3d at 1175; Dukes, 131 S. Ct. at 2551.  Plaintiff's contention that she is an adequate representative simply because she pled she is an adequate representative falls short of that burden.

Plaintiff also argues that "mere speculation as to conflicts that may develop at the remedy stage is insufficient to support denial of initial class certification." Id. (citing to Soc. Servs. Union, Local 535, Serv. Employees Int'l Union, AFL-CIO v. Santa Clara Cnty., 609 F.2d 944, 948 (9th Cir. 1979).  However, the court in Social Services Union found that more than mere speculation existed "when only part of a union's membership is in the class for which certification is sought."  609 F.2d at 948.  Similarly, the plain

differences that exist in this case between Verizon customers and non-Verizon customers amounts to far more than speculation.

Because Plaintiff is not a Verizon customer, and because Plaintiff neither possess the same interest nor suffers the same injury as the majority of the proposed class, the Court finds that Plaintiff has not met her burden of satisfying the adequacy requirement under Rule 23(a)(4).[8]

### C.  Rule 23(b)

Defendants also contend that Plaintiff fails to meet either requirement under Rule 23(b).  While Rule 23(b)(2) looks to whether final injunctive relief or declaratory relief is appropriate for the class's claim as a whole, Rule 23(b)(3) looks to the predominance of common issues, requiring that a class may be maintained only where "questions of law or fact common to class members predominate over any questions affecting only individual members," and a class action would be "superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(2)-(3). Because the Court has already determined that certification fails under Rule 23(a) as discussed above, a Rule 23(b) analysis is unnecessary.  Rule 23 requires that a class action may only proceed if Rule 23(a)'s four requirements are each met and that the proposed class can satisfy one of the requirements listed under Rule 23(b). Fed. R. Civ. P. 23.  As Plaintiff cannot meet the requirements of Rule 23(a), the Court need not engage in an analysis under Rule 23(b) and declines to do so.

In sum, Plaintiff fails to meet her burden of showing either that the claims as stated in the Complaint or defenses of the representative parties are typical of the claims or defenses of the proposed class.  Plaintiff also fails to show that she will fairly and adequately protect the interests of the class.  Finally, Plaintiff fails to show that as a non-

---

[8] Rule 23(a) also contains a commonality and numerosity requirement.  However, because Plaintiff must satisfy all four requirements in order to qualify as a class representative under Rule 23(a), the Court dispenses with separately addressing those requirements..

Verizon customer her claims would be common to a class of mostly Verizon customers. Therefore, class certification fails and Defendants' Motion is granted.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Deny Class Certification (ECF No. 20) is GRANTED.

IT IS SO ORDERED.

Dated:  February 28, 2014

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT