UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA LABAU, on behalf of herself and all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS; et al.,<br><br>Defendants. | No. 2:13-cv-00844-MCE-EFB<br><br><br>**ORDER** |

Rebecca Labau[1] ("Plaintiff") filed the present action against Cellco Partnership, doing business as Verizon Wireless, and Los Angeles SMSA Limited Partnership, also doing business as Verizon Wireless ("Defendants" or "Verizon").  Plaintiff alleges causes of action against Verizon for both negligent and willful violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq.  Plaintiff now moves for leave to amend the complaint under Federal Rule of Civil Procedure 15.[2]  For the reasons stated below, Plaintiff's motion for is DENIED.[3]

---

[1] As requested by Plaintiff, her name has been corrected from the previous erroneous spelling "Rebecka Labou." Pl.'s Mot. for Leave to Amend Compl, ECF No. 40. at 3 n.3.

[2] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

[3] Because oral argument will not by of material assistance, the Court ordered this matter submitted

1

# BACKGROUND

Plaintiff's Complaint, filed April 30, 2012, alleges that Defendants began calling her cellular phone number with an automated telephone dialing system to collect unpaid wireless bills owed by Plaintiff's former brother-in-law, Ovidiu Cozac ("Cozac"). Plaintiff asserts that these calls were not for "emergency purposes," nor did Plaintiff provide her "prior express consent" to receive calls from Verizon. Pl's. Compl., ECF No. 1, ¶¶ 10, 12 Plaintiff consequently alleges that the calls violated the TCPA.

Verizon does not dispute calling Plaintiff but contends that it only "attempts to collect debts owed by its customers" through calls to "(a) the contact number(s) provided by the customer or (b) the Verizon-issued cellular number." Defs'. Mot. to Deny Certification, ECF No. 20, 4:1-4, citing Decl. of Craig Battinelli, ¶¶ 4-6. Defendants state that "Verizon never intentionally places a debt collection call to anyone other than a customer," unless such customer provides an incorrect contact number. Id. at 4:5-8, citing Battinelli Decl., ¶¶ 7-8.

Shortly after Plaintiff instituted the present lawsuit, Verizon brought a third-party complaint against Cozac. ECF No. 13. Verizon asserts that prior to calling Plaintiff, Cozac purchased five iPhones through Defendants and provided Plaintiff's phone number as his contact number for both home and work purposes. Id; see also Battinelli Decl., ¶¶ 11, 14. After Cozac failed to make payments on the accounts associated with the iPhones, Verizon called Plaintiff multiple times through October 23, 2012, about the outstanding balances. Battinelli Decl., ¶ 15. According to Verizon, it stopped calling Plaintiff as soon as it learned Cozac could not be reached at Plaintiff's number. Id. at ¶¶ 17-18.

Plaintiff brings this claim on behalf of herself and "all others similarly situated" as a proposed class. Pl.'s Compl, ECF No. 1, ¶ 13. The class originally advanced by Plaintiff purported to represent "all persons within the United States who received any telephone

---

on the briefs.  E.D. Cal. Local Rule 230(g).

calls from Defendant . . . made through the use of any automatic telephone dialing system" in the past four years, when that person "had not previously not provided [sic] their cellular telephone number to Defendant." Id. at ¶ 14. Defendants moved to deny class certification, which this Court granted. Mem. and Order Granting Mot. to Den. Class Certification, ECF No. 39. The Court found that the purported class failed on both typicality and adequacy grounds. Id. at 11. Because Plaintiff was not a Verizon customer at the time of the alleged violations, the Court found that she was not typical of a class including customers. Id. at 9. Equally, because Plaintiff purported to represent customer while herself a non-customer, this Court found that Plaintiff did not meet her burden of proving adequacy of representation. Id. at 11.

Plaintiff now moves to amend her complaint to change the purported class. ECF No. 40 at 2. The proposed class is as follows:

> All persons within the United States who were **not customers** of Defendants at the time they received a telephone call from Defendants or their agent/s and/or employee/s to said persons' cellular telephone made through the use of an automatic telephone dialing system **where said persons had not previously provided their cellular telephone number to Defendants** within the four years prior to the filing of the Complaint.

Id. at 2-3 (emphasis in original).

## ANALYSIS

Because a Pretrial Scheduling Order ("PTSO") was issued in this matter on January 3, 2014 (ECF No. 35), and because the PTSO provides at paragraph II that no further amendment will be permitted absent a showing of good cause, the Court must first consider whether Defendants have shown the requisite "good cause" to deviate from the PTSO under Rule 16(b). That standard primarily considers the diligence of the party seeking the amendment. Johnson v. Mammoth, 975 F.2d 604, 609 (9th Cir. 1992). Only if such good cause is established should the court turn to the more liberal

parameters of Rule 15(a), which provides that "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The grant or denial of leave to amend "is within the discretion of the District Court." Cal. Dep't of Toxic Substances Control v. Neville Chem. Co., 358 F.3d 661, 673 (9th Cir.2004) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

Here, because Plaintiff moved to amend her Complaint to change the scope of the class she purported to represent less than a month after certification of the original class was denied, she has shown the requisite diligence under Rule 16(b), permitting the Court to turn to Rule 15(a). The policy of favoring amendments to pleadings, as evinced by Rule 15(a) "should be applied with extreme liberality." United States v Webb, 655 F.2d 977, 979 (9th Cir. 1981). Ninth Circuit precedent nonetheless gives the court discretion to consider a number of factors in assessing the propriety of amendment. Those factors include "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990). Where "any further amendment to the complaint would likely prove futile," the court in exercising its discretion may decline to permit amendment despite the liberality usually accorded to doing so. Id. at 373-74; see also Yakama Indian Nation v. Wash. Dept. of Revenue, 176 F.3d 1241, 1246 (9th Cir. 1999) (affirming district court's refusal to grant amendment on a finding of futility).

"An amendment is futile if it will be subject to dismissal or summary judgment." Davis v. Astrue, 250 F.R.D. 476, 482 (N.D. Cal. 2008). In the present case, it is uncontroverted that Plaintiff's former brother-in-law Cozac misrepresented his home and work telephone numbers at the time he purchased the five Verizon cell phones in question and that he provided Plaintiff's cell phone number instead. Compl., ECF No. 1, ¶ 8. After Cozac failed to pay his bill, Defendants called the numbers that they had on file (both the number attaching to the Verizon issued phones as well as the work and home number provided by Cozac) in reasonable, good-faith pursuit of what they were

owed.  After learning that Cozac could not be reached at the number he had provided, Defendants stopped calling it.  Battinelli Decl., ¶¶ 17-18.

The purpose of the Telephone Consumer Protection Act is to protect citizens from "invasion of privacy." S. REP. 102-178, 5, 1991 U.S.C.C.A.N. 1968, 1973.  Assuming that any invasion of Plaintiff's privacy occurred here, the culprit is not Defendants, but Plaintiff's former brother-in-law.  As such, no amendment can save Plaintiff's complaint against Verizon from summary judgment, and therefore any amendment would necessarily be futile.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to amend the complaint (ECF No. 40) is DENIED.

IT IS SO ORDERED.

Dated:  June 30, 2014

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT